FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2017 MAR -2 PM 1:45

**MARY DUCKSWORTH,** **CASE NO.:** 3:17-cv-242-J-20JBT

Plaintiff,

vs.

**UNUM LIFE INSURANCE COMPANY OF AMERICA,**

Defendant.
______________________________________/

**COMPLAINT**

**COMES NOW,** the Plaintiff, **Mary Ducksworth**, by and through her undersigned attorney, and files this Complaint against the Defendant, **Unum Life Insurance Company of America,** (hereinafter referred to as "**Unum**"), and states:

1. This is an action brought under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. sec. 1001, et seq, to recover benefits due to the Plaintiff and to clarify and enforce Plaintiff's rights under the terms of an employer-sponsored long term disability plan (hereafter referred to as the "LTD Plan"), and an employer-sponsored life insurance plan (hereafter referred to as the "Life Insurance Plan").

2. Jurisdiction is conferred on this Court pursuant to Title 29 U.S.C. sec. 1131 (e)(1) and Title 29 U.S.C. sec. 1132 (f).

3. The acts and omissions hereinafter complained of occurred in Duval County, Florida in the above-titled judicial district.

4. At all times material hereto, Plaintiff was a resident of Duval County, Florida and was a "participant" in the LTD Plan and Life Insurance Plan under ERISA.

5. At all times material hereto, the LTD Plan and Life Insurance Plan were sponsored and administered by entities which were corporations authorized and qualified to do business in the State of Florida and doing business in Florida.

6. At all times material hereto, Defendant was the administrator and funding source of benefits under the LTD Plan and Life Insurance Plan.

7. At all times material hereto, Ally Financial, Inc. was the Plan Sponsor of the LTD Plan and Life Insurance Plan.

8. At all times material hereto, the LTD Plan and Life Insurance Plan were established to provide long term disability benefits and life insurance benefits to eligible employees of Ally Financial, Inc. and as such, are employee welfare benefit plans as defined under and governed by ERISA 29 U.S.C. sec. 1001 et seq.

## <u>Count I - LTD Claim</u>

9. Plaintiff incorporates by reference paragraphs one through eight of this Complaint.

10. On or about August 18, 2016, Plaintiff became entitled to long term disability benefits under the LTD Plan as a result of disabling medical conditions. The LTD Plan is attached as Exhibit A.

11. After Plaintiff's application under the LTD Plan for long term disability benefits, Plaintiff was denied long term disability benefits under the Plan.

12. Plaintiff has been damaged in that Plaintiff has been denied payment of long term disability benefits to which Plaintiff is entitled under the terms of the LTD Plan.

13. Plaintiff has exhausted any and all administrative remedies provided under the LTD Plan.

14. Plaintiff has been required to obtain the services of the undersigned attorney, and the undersigned attorney is entitled to payment of a reasonable attorneys fee. The Court may award a reasonable attorneys fee pursuant to 29 U.S.C. sec.1132 (g)(1).

**WHEREFORE**, Plaintiff demands judgement against the Defendant for payment of long term disability benefits due and owing under the LTD Plan, plus interest, costs, and payment of attorneys fees.

**Count II - Waiver of Premium Claim**

15. Plaintiff incorporates by reference paragraphs one through eight of this Complaint.

16. On or about August 18, 2016, Plaintiff became entitled to waiver of premium benefits under the Life Insurance Plan as a result of disabling medical conditions. The Life Insurance Plan is attached as Exhibit B.

17. After Plaintiff's application under the Life Insurance Plan for waiver of premium benefits, Plaintiff was denied waiver of premium benefits.

18. Plaintiff has been damaged in that Plaintiff has been denied waiver of premium benefits to which Plaintiff is entitled under the terms of the Life Insurance Plan.

19. Plaintiff has exhausted any and all administrative remedies provided under the Life Insurance Plan.

20. Plaintiff has been required to obtain the services of the undersigned attorney, and the undersigned attorney is entitled to payment of a reasonable attorneys fee. The Court may award a reasonable attorneys fee pursuant to 29 U.S.C. sec.1132 (g)(1).

**WHEREFORE**, Plaintiff demands judgment against the Defendant for waiver of premium benefits due and owing under the Life Insurance Plan, plus costs and payment of attorneys fees.

DATED THIS 28th day of February 2017.

FARRELL DISABILITY LAW

Thomas M. Farrell, IV, Esquire
Florida Bar No.: 972347
Attorney for Plaintiff
2319 Oak Street
Jacksonville, Florida 32204
Telephone: (904) 388-8870
Fax: (904) 339-9590
E-mail: tom@tfarrellpa.com